IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Live Well Financial, Inc.,

**Plaintiff**

v.

The Estate of Raul Santana Martinez a/k/a Raul Rufino Santana Martinez a/k/a Raul R. Santana Martinez composed of Estela Anzardo Casanova a/k/a Estela de la Trinidad Anzardo Casanova a/k/a Estela D. Anzardo Casanova, Jane Doe and John Doe; Estela Anzardo Casanova a/k/a Estela de la Trinidad Anzardo Casanova a/k/a Estela D. Anzardo Casanova; Centro de Recaudacion de Ingresos Municipales; United States of America,

**Defendants**.

CIVIL NO. 19-1039 (RAM)

**OPINION AND ORDER**

Pending before the Court is Plaintiff's *Motion in Compliance* (Docket No. 15) which arises from the Court's Orders at Docket Nos. 12 and 14. After reviewing the *Motion* and the applicable law, said *Motion* is **DENIED**.

Plaintiff is granted a final term of **sixty (60)** days to serve process upon Estela de la Trinidad Anzardo Casanova ("Anzardo" or "Defendant") by publication tendering the *Amended Mortgage Foreclosure Complaint* filed yesterday at Docket No. 18, as required

by Rule 4.6. of the Puerto Rico Rules of Civil Procedure (P.R. Law Ann. tit 32, app. V, R. 4.6) and Fed. R. Civ. P. 4(e).

Furthermore, in serving process to Defendant, Plaintiff shall serve Defendant by certified mail not only the documents required by Rule 4.6 of the Puerto Rico Rules of Civil Procedure (P.R. Law Ann. tit 32, app. V, R. 4.6), but also the affidavit of publication or a copy of the published edict that contains the date of publication of the edict for Defendant to then be able to calculate the due date of the responsive pleading. *See* Merchán Aguilar v. Portilla Anasagasti, 2014 WL 746327, at *8 (P.R. App. 2014) (lifting entry of default due to plaintiffs' failure to notify defendants of the date in which the edict was published). Lastly, this Court also highlights that "[t]hese requirements of Rule 4.6 **are 'interpreted in a strict and technical manner**.'" Live Well Fin., Inc. v. Cardona-Alicea, 2017 WL 2656106, at *1 (D.P.R. 2017) (internal citations omitted) (quoting Senior Loiza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985)). Moreover, "[t]his strictness 'is based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant—publication—that is quite likely to go unobserved.'" Id.; *see also*, Bogopa Serv. Corp. v. Shulga, 2010 WL 2748865, at *2 (W.D.N.C. 2010) (denying plaintiffs' motion for entry of default judgment because "[a]lthough counsel filed a notice of service […], it did not contain an affidavit from the

publisher showing the date of the first and last publication. […] Applying a strict construction, […] the Court cannot find that the Plaintiff has placed proof in the record of proper publication.")

For the reasons set forth above, Plaintiff's *Motion in Compliance* at Docket No. 15 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of January 2020.

S/ RAÚL M. ARIAS-MARXUACH

United States District Judge